[No. 35092. Department Two. November 9, 1960.]

ALMA M. SPEZIA, *Appellant,* v. WILLIAM L. SPEZIA, *Respondent.*[1]

*T. Patrick Corbett,* for appellant.

*Wayne C. Booth* and *Wright, Booth & Beresford,* for respondent.

PER CURIAM.—A wife brought an action for divorce. The husband cross-complained, asking for a divorce. The wife dismissed her action, and the case went to trial on the husband's cross-complaint. He was awarded a divorce; she was awarded the custody of their child, then twelve years of age. The community property was distributed.

[1] Reported in 356 P. (2d) 588.

■ The wife appeals, raising only one issue, *i.e.*, whether the finding of fact on which the divorce·is predicated reveals any recognized form of cruel treatment or personal indignities rendering life burdensome within the meaning of RCW 26.08.020 (5).

It must be conceded that a much stronger finding of fact could have been made from the testimony, if believed by the trial court. However, taking the finding as it stands (read in the light of the wife's own testimony and of her affidavit in support of her motion for a new trial), we have a wife who belittles her husband in the presence of their child and pictures him to the child as a "mean man," and who has to "some extent" alienated the child from his father. She regards her husband as not "mature," and, hence, she insists that he conform to her wishes and desires. If he does not so conform, she refuses to discuss matters with him, and takes her marital problems to her mother. Her attitudes must belittle the father in the eyes of his son. Her contention, that these things do not constitute mental cruelty, but serves to make more apparent the plane of superiority on which she lives and moves and has her being.

The judgment appealed from is affirmed.